IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WWE STUDIOS FINANCE CORP., Plaintiff, | CIVIL ACTION |
|---|---|
| v. | |
| JOHN DOES 1-8, Defendants. | NO. 17-1617 |

## O R D E R

**AND NOW**, this 17th day of April, 2017, upon consideration of Motion for Expedited Discovery (Document No. 4, filed April 14, 2017), ), **IT IS ORDERED** that plaintiff's is Motion for Expedited Discovery **GRANTED IN PART** and **DENIED IN PART**, subject to the following conditions:

1. Plaintiff may serve the Internet Service Provider ("ISP") listed in plaintiff's Memorandum in Support of Plaintiff's Motion for Expedited Discovery (Document No. 4-1, filed April 14, 2017) with a Rule 45 subpoena commanding the ISP to provide plaintiff with the true name and address of each John Doe to whom the ISP assigned the Internet Protocol ("IP") address set forth in Exhibit B to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

2. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any related intermediary ISP that is identified in response to a subpoena as a provider of internet services to a John Doe;

3. Plaintiff shall attach the **Court-Directed Notice Regarding Issuance of Subpoena**, a copy of which is attached to this Order, to the aforementioned Rule 45 subpoena. The Rule 45 subpoena shall instruct the ISP to provide a copy of this Notice to each John Doe within seven days of service of the subpoena. As set forth more fully in the Notice, each John

Doe shall have twenty-one days from receipt of the Notice to file a motion to quash or vacate the subpoena;

4. With respect to any ISP that qualifies as a "cable operator" as defined by 47 U.S.C. § 522(5), this ruling further authorizes disclosure of information pursuant to 47 U.S.C. § 551(c)(2)(B);

5. Any additional notices to a John Doe must be approved by the Court;

6. Plaintiff may use the information disclosed in response to a Rule 45 subpoena solely for the purpose of protecting plaintiff's rights as set forth in its Complaint;

7. The Court will not decide the appropriateness of the subpoenas at this time because such a decision would be premature. Nor will the Court rule in advance on any objections to the subpoenas by third parties who are not presently before the Court; and, the Motion for Expedited Discovery is **DENIED** in all other respects.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

## COURT-DIRECTED NOTICE
## REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing **Comcast Cable**, your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the Eastern District of Pennsylvania in Philadelphia, PA as a "John Doe" by **WWE Studios Finance** Corp. ("Plaintiff"). This case is identified as *WWE Studios Finance Corp. v. John Does 1-8* – Civil Action No. 17-1617. You have been sued for allegedly using the Internet and the BitTorrent protocol to infringe copyrights. The Plaintiff has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options. By authorizing the issuance of this subpoena, the Court is not making a decision on the merits of the Plaintiff's allegations.

## YOUR NAME HAS NOT YET BEEN DISCLOSED.
## YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT
## CHALLENGE THE SUBPOENA.

Your name has not yet been disclosed. The Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not decided whether you are liable for infringement. You can challenge the subpoena in Court. You have twenty-one (21) days from receipt of this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the Plaintiff cannot proceed against you until you are identified). The Resource List below can assist you in locating an attorney to help you determine how to respond to the subpoena. If you do not file a motion to quash at the end of the 21-day period, your ISP will send the Plaintiff your identification information.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

Once you are named as a defendant, the Plaintiff must establish jurisdiction over you to maintain a lawsuit against you in the District Court in Philadelphia. If you do not live or work in Pennsylvania, or visit the state regularly, you may be able to challenge the Pennsylvania court's jurisdiction over you. If your challenge is successful, the case in Philadelphia will be dismissed, but the Plaintiff may be able to file against you in another state where there is jurisdiction.

## RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Pennsylvania or Philadelphia, the second and third listings below provide referrals for local attorneys. If you need a lawyer in a state other than Pennsylvania, you may contact that state's bar association.

American Bar Association - http://www.abanet.org.

Pennsylvania Bar Association - www.pabar.org; Lawyer referral service - (800) 692-7375 or (717) 238-6807.

Philadelphia Bar Association - www.philabar.org; Lawyer referral service - (215) 238-6333.